UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLEOPATRA IRONS,

                Plaintiff,                              ORDER ADOPTING
                                                  REPORT AND RECOMMENDATION
        - against -                              15-CV-3633 (RRM) (ST)

GENELSA ELDE-CARLO and THE UNITED
STATES POSTAL SERVICE,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Cleopatra Irons commenced this action through counsel on June 22, 2015, seeking unspecified damages pursuant to the Federal Tort Claim Act for an alleged personal injury caused by defendants' negligence. (Compl. (Doc. No. 1).) The Clerk of Court issued a summons for the defendants that same day. As of May 27, 2016, Irons had not filed proof of service or otherwise communicated with the Court. Accordingly, Magistrate Judge Steven L. Tiscione issued an order, directing Irons to file a status report by June 3, 2016, and warning that failure to comply would result in a recommendation that the case be dismissed for failure to prosecute. (5/27/16 Status Report Oder.) Irons failed to comply with the order.

      On June 6, 2016, Judge Tiscione issued an R&R recommending that the action be dismissed for failure to prosecute. (R&R (Doc. No. 5).) Judge Tiscione reminded the parties that, pursuant to 28 U.S.C. § 636, any objections to the R&R had to be filed within fourteen (14) days. That deadline has passed, and no party has filed an objection.

      Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 Fed. App'x 647, 648 (2d Cir. 2012). Dismissals pursuant to Rule 41 are within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 Fed. App'x 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. *Id*. at 216.

Here, the requisite factors, on balance, support the magistrate judge's recommendation. This case, filed by able counsel, has been pending for more than one year without any action taken by plaintiff to move it forward. The summons was never served, and plaintiff has not communicated with the court in any way. Plaintiff was asked for a status report on May 27, 2016 and plainly warned that failure to respond would result in a recommendation by the magistrate judge to dismiss for failure to prosecute. Plaintiff failed to respond, and has neglected this action

from its inception, causing a substantial delay of more than one year. Where a plaintiff has become inaccessible for months at a time, courts presumes prejudice. *See, e.g., Dong v. United States*, 2004 U.S. Dist. LEXIS 3125 at *8 (S.D.N.Y. Mar. 2, 2004) (presuming prejudice where plaintiff had no contact with court or adversary for over two months). Moreover, there is no lesser sanction that is reasonable. The court has already attempted to get plaintiff to respond by ordering a status report, to no avail. Plaintiff has manifested no interest in having her case heard while this action has languished on the court's docket and over the heads of the defendants. For these reasons, the balance of factors tip decidedly in favor of dismissal.

## CONCLUSION

Accordingly, it is hereby ordered that this case is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge